IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 2, 2024

**KEVIN LAWRENCE v. KEVIN GENOVESE, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 21-CR-10814     Mark L. Hayes, Judge**

———————————

**No. W2023-00607-CCA-R3-HC**

———————————

The Petitioner, Kevin Lawrence, appeals the Lake County Circuit Court's dismissal of his petition for writ of habeas corpus. The Petitioner argues his judgment is void and illegal because his sentence does not reflect any parole eligibility. Based on our review, we affirm the habeas corpus court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TOM GREENHOLTZ, JJ., joined.

M. Todd Ridley (on appeal), Assistant Public Defender—Appellate Division, Franklin, Tennessee; and Sean P. Day, District Public Defender, Dyersburg, Tennessee, for the appellant, Kevin Lawrence.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; and Danny Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.     FACTUAL AND PROCEDURAL HISTORY

The Petitioner, along with two codefendants, was indicted by a Shelby County grand jury for first degree premeditated murder and felony murder following a robbery and killing on December 28, 1998, in Memphis, Tennessee. At trial, the Petitioner was convicted of first degree felony murder and second degree murder as a lesser included offense of first degree premeditated murder. The trial court merged the second degree murder conviction with the felony murder conviction and sentenced the Petitioner to life imprisonment.

On direct appeal, this court affirmed the Petitioner's conviction. *State v. Lawrence*, No. W2001-02638-CCA-R3-CD, 2003 WL 22318461, at *13 (Tenn. Crim. App. Oct. 9, 2003) ("*Lawrence I*"), *perm. app. granted* (Tenn. Mar. 8, 2004). On discretionary review, our supreme court also affirmed the Petitioner's conviction. *State v. Lawrence*, 154 S.W.3d 71, 73 (Tenn. 2005) ("*Lawrence II*").

The Petitioner timely petitioned for post-conviction relief. The post-conviction court denied the petition, and this court affirmed this denial. *Lawrence v. State*, No. W2007-02021-CCA-R3-PC, 2009 WL 1034508, at *1 (Tenn. Crim. App. Apr. 17, 2009), *perm. app. denied* (Tenn. Oct. 5, 2009).

On December 28, 2021, the Petitioner filed a pro se petition for writ of habeas corpus in which he alleged his judgment was void and illegal because (1) his sentence of life imprisonment does not permit the possibility of parole in violation of Tennessee Code Annotated sections 40-35-501 and 40-28-115; (2) his indictment for felony murder was defective; (3) his conviction violated double jeopardy; and (4) Tennessee's first degree murder statute, Tennessee Code Annotated section 39-13-202, is unconstitutional.

After counsel was appointed, the habeas corpus court entered an order in which it stated, "Counsel for [the Petitioner] shall file an amended petition or a declaration that he is not amending the petition by February 24, 2022." The Petitioner, through counsel, filed a notice stating that the petition would not be amended.

Thereafter, the State filed a motion to dismiss the petition for writ of habeas corpus, arguing the petition failed on procedural and substantive grounds. On July 11, 2022, the habeas corpus court entered an order granting the State's motion to dismiss the petition. The habeas corpus court found the petition was procedurally defective because the Petitioner failed to sign his petition and failed to verify it by affidavit as required by Tennessee Code Annotated section 29-21-107(a). Further, the habeas corpus court found the petition did not state a cognizable claim for relief.

On October 4, 2022, the Petitioner, through counsel, filed an unopposed motion to vacate the order of dismissal and amend the petition for habeas corpus relief. The habeas corpus court granted the motion, vacated the July 11, 2022 order, and allowed the Petitioner to file an amended petition.

On March 15, 2023, the Petitioner filed an amended petition for writ of habeas corpus. The amended petition did not raise any additional claims but incorporated all

claims raised in the original petition. Additionally, the amended petition cured the procedural defects of the original petition. The habeas corpus court dismissed the amended petition, finding that the Petitioner was not entitled to relief under any of his four substantive arguments. On the Petitioner's first ground, the habeas corpus court found that the Petitioner's sentence was not in contradiction to Tennessee Code Annotated section 40-35-501 as the supreme court in *Brown v. Jordan*, 563 S.W.3d 196 (Tenn. 2018) held that there was no conflict between sections 40-35-501(h) and (i), and a defendant convicted of first degree murder on or after July 1, 1995, and sentenced to life in prison may be released, at the earliest, after fifty-one years of imprisonment. Further, the Petitioner's sentence was not in contradiction to Tennessee Code Annotated section 40-28-115 because this statute applies only to persons who committed crimes prior to July 1, 1982, by virtue of the provisions in the Tennessee Criminal Sentencing Reform Act of 1982. On the Petitioner's additional grounds for relief, the habeas corpus court found that (1) the indictment appeared to meet the requirements of Tennessee Code Annotated section 40-13-202 and properly charged the Petitioner with first degree felony murder; (2) no double jeopardy issues appear in the judgment as the Petitioner's convictions were merged and no separate or additional sentence was imposed; and (3) no authority supports the Petitioner's proposition that Tennessee's first degree murder statute is unconstitutional. This timely appeal followed.

## II.    ANALYSIS

The Petitioner contends on appeal that the habeas corpus court erred in dismissing his petition for failure to state a claim. The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. While the right to seek a writ of habeas corpus is a constitutional right, it is regulated by statute in Tennessee. *See Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). The statute provides, with certain limited exceptions, that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). However, the "grounds upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established on the face of the judgment or the record of the proceeding upon which the judgment was rendered that: (1) the convicting court was without jurisdiction to sentence the petitioner; or (2) the petitioner's sentence has expired and he is entitled to immediate release. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and, thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers*, 212 S.W.3d at 255.

We begin by addressing a procedural irregularity in this case. As noted above, the habeas corpus court, upon the Petitioner's motion, set aside its order dismissing the Petitioner's original petition. The legal basis for this order of vacation is unclear. In his motion, the Petitioner did not move the habeas corpus court to vacate pursuant to any particular rule or law. In turn, the habeas corpus court did not grant the motion pursuant to any particular rule or law. *See Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *2 (Tenn. Crim. App. Mar. 25, 2015) (holding that an order denying habeas corpus relief becomes final thirty days after its entry, and a habeas corpus court lacks jurisdiction to issue additional orders on the petition after that time). Despite this ambiguity, the amended petition is procedurally sound to serve as a separate, original petition. First, the amended petition cured the procedural deficiencies of the original petition. Specifically, as required by Tennessee Code Annotated section 29-21-107(a), the Petitioner signed the petition and verified it by affidavit. Second, under Tennessee Code Annotated section 29-21-107(b)(4), the amended petition noted that a previous application for writ of habeas corpus had been made and attached a copy of the original petition. Therefore, we will review the amended petition as a new petition for writ of habeas corpus rather than an amendment to the previously-denied petition.

On appeal, the Petitioner's sole argument is that the habeas corpus court erred in its denial of the Petitioner's claim that his judgment was void and illegal because the Petitioner's sentence does not reflect parole eligibility. The State alleges this argument has been waived due to the Petitioner's reliance on a new theory on appeal. We begin by addressing this waiver argument.

A petitioner cannot change theories of relief from the habeas corpus court to the appellate court. *Pittman v. Steward*, No. W2011-01632-CCA-R3-HC, 2012 WL 2514909, at *3 (Tenn. Crim. App. July 2, 2012). In *Pittman*, the petitioner argued, both in his petition

- 4 -

and on appeal, that the indictment in his case was defective. *Id.* However, the petitioner changed his underlying theory as to this proposition from the habeas corpus court to the appellate court. *Id.* In his petition, the petitioner asserted that the indictment was defective due to missing elements; on appeal, the petitioner asserted the indictment was defective because alternative bases for the elements were alleged. *Id.* This court held that the new theory was waived on appeal. *Id.* (citing *State v. Dooley*, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000)).

Here, the Petitioner argues both in his petition and on appeal that his judgment is void and illegal because his sentence of life imprisonment deprives him of the possibility of parole. However, like in *Pittman*, the Petitioner's theory underlying this argument changed from the habeas corpus court to this court. In his petition, and the issue addressed by the habeas corpus court, the Petitioner argued his judgment was void and illegal because his sentence of life imprisonment does not permit the possibility of parole in contravention of Tennessee Code Annotated sections 40-35-501 and 40-28-115. On appeal, the Petitioner argues that his sentence of life imprisonment is illegal because it does not permit the possibility of parole despite this court's and the Tennessee Supreme Court's finding that the Petitioner's sentence included the possibility of parole by operation of law. Specifically, the Petitioner relies on the law of the case doctrine to advance this latter argument, stating the issue of the Petitioner's parole eligibility is settled and cannot be reconsidered. Due to the Petitioner's change in theory on appeal, this issue is waived.

Notwithstanding waiver, we conclude the Petitioner failed to establish a cognizable claim for habeas corpus relief. As explained above, the Petitioner argues on appeal that, under the law of the case doctrine, his sentence of life imprisonment is void and illegal. His argument relies on language in *Lawrence I* and *II* describing his sentence as including the possibility of parole.

Pursuant to the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000) (quoting *Memphis Publ'g. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). Furthermore, "[t]he doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication." *Id.* "There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3)

the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal." *Id.* (quoting *Memphis Publ'g. Co.*, 975 S.W.2d at 306). Notably, the doctrine does not apply to dicta. *Id.*

The issue of the Petitioner's parole eligibility was not before this court or the supreme court on direct appeal. *See Lawrence I*, 2003 WL 22318461, at *1; *Lawrence II*, 154 S.W.3d at 73. The Petitioner argues, however, that the issue of his parole eligibility was necessarily decided by implication, stating that in the courts' affirmation of the Petitioner's conviction and sentence, the courts found his sentence included parole eligibility. Specifically, Petitioner cites to the courts' statements that the Petitioner was sentenced to life *with the possibility of parole*. While this court and the supreme court did state that the Petitioner was sentenced to life with the possibility of parole, the purpose of these statements was factual recitation, not a holding on a presented issue. *See Lawrence I*, 2003 WL 22318461, at *1, *7; *Lawrence II*, 154 S.W.3d at 75. Further, none of the issues decided by this court or the supreme court on prior appeals implicates the Petitioner's sentence or parole eligibility. *Lawrence I*, 2003 WL 22318461, at *1; *Lawrence II*, 154 S.W.3d at 73. This court and the supreme court made no determination, either explicitly or implicitly, that would serve as the law of the case concerning the Petitioner's parole eligibility. The courts' affirmation of the trial court's judgment on separate issues does not extend to a decision on the Petitioner's parole eligibility. Therefore, the Petitioner's claim that his sentence includes parole eligibility under the law of the case doctrine such that habeas corpus relief should be granted to reflect this eligibility is meritless.

Furthermore, we recognize that the phrase "life with the possibility of parole" does not describe a legally available sentence for first degree murder in Tennessee, even though it has been used colloquially to differentiate between two of the available sentences for that offense—i.e., "imprisonment for life without the possibility of parole" and "imprisonment for life." *See* Tenn. Code Ann. § 39-13-204(a); *see also Penley v. State*, No. E2004-00129-CCA-R3-PC, 2004 WL 2439287, at *3 (Tenn. Crim. App. Nov. 1, 2004) ("The term 'life imprisonment with the possibility of parole' is inaccurate and is mistakenly used to differentiate between the more severe sentence of life imprisonment without possibility of parole."). Here, for a defendant committing first degree murder, "a sentence of life in prison entitles the defendant to be released, as opposed to paroled, after serving 100% of sixty years less any eligible credits, so long as they do not operate to reduce the sentence by more than 15%, or nine years, which would result in a total sentence of fifty-one years." *Penley*, 2004 WL 2439287, at *3; *see* Tenn. Code Ann. § 40-35-501(h)(2). The usage of "life with the possibility of parole" in *Lawrence I* and *II* was likely to differentiate the Petitioner's sentence from the more severe sentence of life without the possibility of parole.

*See id.* In any instance, the use of the phrase "life with the possibility of parole" in prior appellate decisions does not render the Petitioner's judgment void. *See Williams v. State*, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. Sept. 30, 2013) (stating that use of the phrase "Life with Parole" on petitioner's judgment would not render the petitioner's judgment void); *Rose v. Lindamood*, No. M2017-00928-CCA-R3-HC, 2018 WL 3116609, at *2 (Tenn. Crim. App. June 25, 2018) (stating that the trial court's use of the phrase "life imprisonment with the possibility of parole" at the sentencing hearing does not cause petitioner's judgment to be void). As a result, and notwithstanding waiver, the Petitioner would not be entitled to habeas corpus relief.

### III.    CONCLUSION

Based on our review, we affirm the judgment of the habeas corpus court dismissing the petition.

_____
KYLE A. HIXSON, JUDGE